[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 8, 2010
JOHN LEY
CLERK

_____

No. 09-12897
Non-Argument Calendar

_____

D. C. Docket No. 09-14038-CV-DLG

EDWARD FOX,

Petitioner-Appellant,

versus

SECRETARY WALTER A. MCNEIL,
Florida Department of Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 8, 2010)

Before EDMONDSON, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Edward Fox, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of federal habeas corpus as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. *See* 28 U.S.C. § 2244(d). The district court granted a certificate of appealability ("COA") as to whether equitable tolling should apply because Fox alleged he was mentally incompetent to file his petition in a timely manner. Upon review of the record and the parties' briefs, we affirm.

We review *de novo* the district court's determination that a habeas petition is time-barred under 28 U.S.C. § 2244(d). *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). A district court's legal decision that equitable tolling does not apply is reviewed *de novo*. *Id.* A district court's factual findings are reviewed for clear error. *Lawrence v. Florida*, 421 F.3d 1221, 1224–25 (11th Cir. 2005). We liberally construe *pro se* pleadings. *Sibley v. Culliver*, 377 F.3d 1196, 1200–01 (11th Cir. 2004).

Fox advances two arguments. First, Fox argues that he was mentally incompetent to stand trial, and that the state court erred by not conducting a competency hearing. He contends that this error resulted in a violation of his federal due process rights. Second, Fox asserts that he is entitled to an equitable

2

tolling defense because he remained mentally incompetent to file any subsequent

post-conviction petitions in a timely fashion.

## A. Fox's State Competency Hearing Argument

Our review is limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998); *see* 28 U.S.C. § 2253(c)(3).[1] The district court's COA was granted to address the sole issue of equitable tolling. Therefore, we find that Fox's complaint regarding state law procedures at trial is not a cognizable claim within the scope of the limited review specified in the COA.

## B. Fox's Equitable Tolling Argument

The AEDPA imposes a one-year statute of limitations for petitioners in state custody filing a § 2254 writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run following the latest of four possible events, including the date on which judgment becomes final upon direct review. 28 U.S.C. § 2244(d)(1)(A). However, § 2244(d) is a statute of limitations, not a jurisdictional bar, and therefore the time limit may be equitably tolled "because of extraordinary circumstances that are both beyond [the petitioner's] control and unavoidable even with diligence." *Steed*, 219 F.3d at 1300 (quotation and citation omitted). The appellant bears the burden of establishing equitable tolling. *Outler*

---

[1] 28 U.S.C. § 2253(c)(3) explains, *inter alia*, that the COA must specifically indicate the issues for review.

*v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007) (per curiam). To discharge his burden, he must demonstrate: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Johnson v. Fla. Dep't. of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 348 (2008) (quotation and citation omitted).

In *Lawrence*, we addressed whether a petitioner's alleged mental incompetence could serve as a basis for equitable tolling. 421 F.3d at 1226–27. We held that an allegation of mental incompetence, without a showing of a causal connection between the incompetence and the failure to file a timely application, did not justify equitable tolling. *Id.*

Fox did not demonstrate that he was mentally incompetent to file a federal habeas corpus petition in a timely manner. The only document in the record that addresses Fox's mental status is an evaluation conducted by Dr. Steven Edney, who opined that Fox was competent to stand trial in state court. Further, Fox was able to file several *pro se* motions in state court for post-conviction relief, and ultimately filed the present petition. Moreover, Fox has not pointed to any evidence which indicates that equitable tolling is appropriate because of "extraordinary circumstances." Fox has also failed to establish a causal link between his claims of mental incompetence and the untimely filing of his federal

4

habeas corpus petition.  Accordingly, we find that Fox has not met his burden to prove that equitable tolling is appropriate, and we affirm the decision of the district court.

**AFFIRMED.**